UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TARI LEE BLAKESLEY,<br><br>                    Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:16-cv-00419-RBL<br><br>ORDER REVERSING AND<br>REMANDING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

THIS MATTER is before the Court on Plaintiff Blakesley's Complaint [Dkt. 3] for review of the Social Security Commissioner's decision awarding her supplemental security income ("SSI") benefits as of July 9, 2012, but not before that date.

Blakesley suffers from obesity, left wrist chondromalacia, hearing loss, scoliosis, posttraumatic stress disorder, depression, and a learning disorder. *See* Dkt. 9, Administrative Record 687. She applied for SSI benefits in October 2009, and the Administrative Law Judge denied benefits in November 2011. *See* AR 684. Blakesley filed a subsequent application for SSI benefits in July 2012. *See id*. She was then found to be disabled on initial review, which was affirmed by the Appeals Council, with an onset date of July 9, 2012. *See id*. Upon a remand order from this Court, the Appeals Council directed the ALJ to hold a new hearing and to issue a new decision regarding Blakesley's disability during the period up to July 9, 2012. *See id*. A new hearing was held before ALJ Laura Valente in February 2014. *See id*. Blakesley, represented by

ORDER - 1

counsel, appeared and testified, as did an impartial medical expert and a vocational expert. *See* AR 710-91.

The ALJ determined Blakesley to be not disabled prior to July 9, 2012. *See* AR 681-709. The Appeals Council denied Blakesley's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. *See* AR 673-80; 20 C.F.R. § 416.1481. In March 2016, Blakesley filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

Blakesley argues that the Commissioner's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred: (1) in evauating her severe impairments at step two; (2) in assessing her residual functional capacity based on the medical evidence in the record; and (3) in finding her capable of performing other work available in the national economy at step five. Specifically, Blakesley argues the ALJ failed to fully incorporate or to give a sufficient reason to discount the opinions of state agency consultants Matthew Comrie, Psy.D., and Bruce Eather, Ph.D. Blakesley argues the errors affected the ultimate disability determination and are therefore not harmless.

The Commissioner argues the ALJ did not err in evaluating Blakesley's severe impairments or the medical evidence, so the ALJ's RFC and step-five finding that Blakesley could perform other work were supported by substantial evidence and should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir.

ORDER - 2

2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

**I.      The ALJ's Evaluation of the Medical Evidence in the Record**

The ALJ determines credibility and resolves ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

A physician's opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). While generally given weight less than a treating or examining physician's opinion, a non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.*; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). A "[s]tate agency medical and psychological consultant" may be treated as a "highly qualified" physician with expertise in evaluating "medical issues in disability claims." Social Security Ruling 96-6p, 1996 WL 374180 *2.

Blakesley argues the ALJ erred by failing to fully incorporate or to give a sufficient reason to discount the opinions of state agency consultants Comrie and Eather. *See* Dkt. 11, pp.

ORDER - 4

4-10. Comrie opined in February 2010 that Blakesley could perform simple, repetitive tasks and was limited to working with "familiar coworkers [and] an understanding supervisor [and] require[d] limited contact with the general public due [to] anxiety and reactivity from PTSD." *See* AR 340. Eather affirmed that assessment in June 2010. *See* AR 571.

In her prior decision, the ALJ gave significant weight to Eather's opinion, which affirmed Comrie's opinion. *See* AR 804. The ALJ included a limitation to superficial and occasional public contacts in the RFC in that decision, but omitted any limitations regarding familiar coworkers or understanding supervisors. *See* AR 799-800. This Court found that the ALJ's failure to address those limitations needed to be reevaluated on remand. *See* AR 839-40. In the more recent decision, the ALJ again omitted limitations regarding familiar coworkers or understanding supervisors but sufficiently found that the limitations were vague and unsupported by the record. *See* AR 697.

However, in that analysis, the ALJ added that "[b]ecause of the claimant's significant credibility issues, I have revised the limitation regarding work with the general public from superficial and occasional to superficial and frequent." *Id*. Blakesley's "significant credibility issues" are not a specific and legitimate reason supported by substantial evidence for discounting Eather's and Comrie's opinions. The ALJ found Blakesley not to be entirely credible in her first decision but still included a limitation to occasional contact with the public. *See* AR 799-800, 804. The ALJ found Blakesley not to be entirely credible in the more recent decision as well but failed to address in her credibility analysis why Blakesley's social limitations should suddenly be less severe. *See* AR 693-95. Furthermore, Comrie and Eather only found Blakesley "partially credible" in their review of the medical evidence and her claims of impairments and limitations.

ORDER - 5

*See* AR 340. The ALJ did not show in either decision that Comrie or Eather relied to a substantial degree on any of Blakesley's incredible statements regarding her social limitations.

The ALJ originally considered Eather's and Comrie's expert opinions to follow the evidence of record and entitled to significant weight. *See* AR 697. In discounting their opinions in the more recent decision, the ALJ identifies no medical opinion to which she is giving greater weight regarding Blakesley's social limitations. *See* AR 695-99. In fact, the Court does not find upon review of the record, and the Commissioner does not identify, a medical opinion stating that Blakesley is capable of more than occasional contact with the public—the contact level the ALJ initially determined was appropriate. The ALJ has not provided a sufficient reason to discount the expert opinions to conclude that Blakesley was capable of frequent contact with the public in the more recent decision.

The vocational expert testified that were Blakesley limited to the RFC assessed in the decision but with an additional limitation to only occasional public contact, only one job would remain viable for her to perform. Blakesley suggests the ALJ revised the RFC to include frequent contact to reach a more favorable finding at step five. *See* Dkt. 11, p. 7. The Commissioner responds to this statement by arguing that Blakesley has not sufficiently proven any bias by the ALJ. *See* Dkt. 12, p. 5. However, the Commissioner fails to address the heart of Blakesley's argument: that the ALJ, regardless of motivations, failed to provide a legally sufficient reason supported by substantial evidence to discount Eather's and Comrie's opinions that Blakesley is limited to occasional contact with the public.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). It "adhere[s]

ORDER - 6

to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)). Courts "look at the record as a whole to determine [if] the error alters the outcome of the case." *Molina*, 674 F.3d at 1115.

The ALJ's improper rejection of the consultants' opinions affected the case's outcome. Had the ALJ fully credited their opinions, the RFC would have limited Blakesley to superficial and occasional contact with the public. Instead, the ALJ posed hypothetical questions to the vocational expert based on an incomplete RFC. *See* AR 774-80. Based on the vocational expert's answers to those questions, the ALJ found Blakesley could perform other work available in the national economy before July 9, 2012. *See* AR 700-01. As the ALJ's ultimate determination regarding disability was based on a vocational expert's testimony on an improper hypothetical question, the error is not harmless.

**II.      This Matter Should Be Remanded for an Award of Benefits**

Blakesley alleges that the ALJ erred in other areas, including in evaluating her severe impairments. *See* Dkt. 11. However, considering the ALJ's error in evaluating Comrie's and Eather's opinions, the final question requiring resolution is whether the Court should, at its discretion, remand this case for further proceedings or for an award of benefits.

Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C.

ORDER - 7

§ 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court may remand for immediate payment of benefits. *Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, the ALJ failed to provide a legally sufficient reason to discount Comrie's and Eather's opinions. *See infra*, I. Blakesley has already had two hearings before this ALJ regarding the period at issue, including one hearing after Blakesley was awarded benefits on re-application for the period beginning July 9, 2012. *See* AR 684. Once again, the ALJ has failed to issue a decision that is free of legal error and supported by substantial evidence in the record.

Second, there are no outstanding issues. Both Comrie and Eather agreed that Blakesley should be limited to superficial and occasional public contact. *See* AR 340, 571. The Commissioner identifies no opinion that contradicts those opinions.

Third, crediting Comrie's and Eather's opinions as true, Blakesley would have to be found disabled. At step five of the disability evaluation process, the ALJ must show there are a significant number of jobs in the national economy the claimant can perform. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). At the hearing, the vocational expert testified that were Blakesley limited to the RFC assessed in the decision but

ORDER - 8

with an additional limitation to only occasional public contact, the only job she could perform would be as an addressor. *See* AR 778-79. The vocational expert testified there were 13,700 jobs as an addressor available nationally but only 120 within Washington. *See* AR 776. While not drawing a bright-line rule regarding what constitutes a significant number of jobs available in the economy, the Ninth Circuit has held that 135 jobs in a region qualified as a "very rare," not significant number. *See Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). The court in *Beltran* also found that even if significantly more jobs are available nationally, a number of jobs as small as 135 in a populous region shows that the national amount cannot be significant when those jobs are distributed between many regions across the nation. *See id*. at 390. Therefore, the number of addressor jobs available in the economy cannot be considered significant enough for the Commissioner to have met her burden at step five. The Court finds that, crediting Eather's and Comrie's opinions as true, Blakesley would have to be found disabled because there is not a significant number of jobs available that she could perform.

The Court concludes the record has been fully developed and remanding for further proceedings "would serve no further purpose." *Smolen*, 80 F.3d at 1292; *Holohan*, 246 F.3d at 1210. Because review of the record as a whole does not create serious doubt that Blakesley is disabled, the Court remands the case for an immediate award of benefits.

*//*

*//*

*//*

*//*

ORDER - 9

## CONCLUSION

The Court finds the ALJ improperly concluded Blakesley was not disabled before July 9, 2012. Defendant's decision to deny benefits is REVERSED, and this matter is REMANDED for an award of benefits.

IT IS SO ORDERED.

DATED this 17th day of November, 2016.

/s/ Ronald B. Leighton
Ronald B. Leighton
United States District Judge

ORDER - 10